# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, | : : : : : : : : : : : : : : | No. 80 MAP 2022  Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated July 8, 2022. |
| Appellees | : : : : | |
| v. | : : : : | |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD, | : : : : : : | |
| Appellants | : | |

| | | |
|---|---|---|
| BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, | : : : : : : : : : : : : | No. 86 MAP 2022  Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated June 28, 2022. |

BLACKSMITHS, FORGERS AND HELPERS

     v.

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD

APPEAL OF: CITIZENS FOR PENNSYLVANIA'S FUTURE, SIERRA CLUB, CLEAN AIR COUNCIL, AND ENVIRONMENTAL DEFENSE FUND,

    Possible Intervenors

 

BOWFIN KEYCON HOLDINGS, LLC; CHIEF POWER FINANCE II, LLC; CHIEF POWER TRANSFER PARENT, LLC; KEYCON POWER HOLDINGS, LLC; GENON HOLDINGS, INC.; PENNSYLVANIA COAL ALLIANCE; UNITED MINE WORKERS OF AMERICA; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; AND INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS

     v.

PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND PENNSYLVANIA ENVIRONMENTAL QUALITY BOARD

No. 88 MAP 2022

Appeal from the Order of the Commonwealth Court at No. 247 MD 2022 dated July 8, 2022.

[80 MAP 2022, 86 MAP 2022, 88 MAP 2022, 89 MAP 2022]
2

APPEAL OF: CITIZENS FOR
PENNSYLVANIA'S FUTURE, SIERRA
CLUB, CLEAN AIR COUNCIL, AND
ENVIRONMENTAL DEFENSE FUND,

        Possible Intervenors

:
:
:
:
:
:
:
:

BOWFIN KEYCON HOLDINGS, LLC; CHIEF
POWER FINANCE II, LLC; CHIEF POWER
TRANSFER PARENT, LLC; KEYCON
POWER HOLDINGS, LLC; GENON
HOLDINGS, INC.; PENNSYLVANIA COAL
ALLIANCE; UNITED MINE WORKERS OF
AMERICA;INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS; AND INTERNATIONAL
BROTHERHOOD OF  BOILERMAKERS,
IRON SHIP BUILDERS, BLACKSMITHS,
FORGERS AND HELPERS,

        Appellants


       v.


PENNSYLVANIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION AND
PENNSYLVANIA ENVIRONMENTAL
QUALITY BOARD,

        Appellees

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 89 MAP 2022

Appeal from the Order of the
Commonwealth Court at No. 247
MD 2022 dated July 8, 2022.


## CONCURRING AND DISSENTING STATEMENT

**JUSTICE MUNDY**　　　　　　　　　　**FILED:  March 24, 2023**

    I join the Court's action in submitting the appeal at 86 MAP 2022 on the currently-filed briefs.  My disagreement with the Court's present disposition relates to its summary

[80 MAP 2022, 86 MAP 2022, 88 MAP 2022, 89 MAP 2022]

affirmance of the Commonwealth Court's order in the appeal at 89 MAP 2022 and, by extension, the dismissal as moot of the appeals at 80 MAP 2022 and 88 MAP 2022.

In 89 MAP 2022, the plaintiffs challenge the Commonwealth Court's preliminary injunction order to the extent the court set bond at $100 million. This Court now summarily affirms the Commonwealth Court's order and dismisses the related appeals on grounds of mootness, presumably because the preliminary injunction never went into effect. Although Appellants did not post the bond and hence the injunction was never enforced, if the bond amount was in error and thus void *ab inito*, the failure to post it could not have validly impinged upon such enforcement. In my view, therefore, we may still address the topic – and we should either remand for imposition of a nominal bond or permit oral argument on the issue.

I previously found the $100 million bond amount to be excessive and to represent an abuse of discretion, particularly as the Commonwealth Court determined that Appellants raised a substantial possibility that the actions of the Department of Environmental Protection (DEP) were unconstitutional, thereby resulting in *per se* irreparable harm. *See Bowfin Keycon Holdings, LLC v. DEP*, 282 A.3d 688, 691-92 (Pa. 2022) (mem.) (Mundy, J., dissenting). Furthermore, and as Justice Brobson explained, there was no evidence DEP would sustain any actual damages by delaying its participation in the quarterly auctions involved until such time as the legality of its actions could be tested in the courts. *See id*. at 693 (Brobson, J., dissenting). Rather, the preliminary injunction would at most impose on the agency a temporary opportunity cost which is "the price society is willing to pay to ensure the government acts within the bounds of the law." *Id*. at 691 (Mundy, J., dissenting); *see also id*. ("DEP is not a private, profit-seeking entity; like all government agencies, it is an arm of the state tasked with

fulfilling certain functions in the public interest with the public funds that have been allocated for its use.").

Finally, I expressed that these opportunity costs were fictitious in any event. This is because it was uncontested that DEP could not have participated in the September 2022 Regional Greenhouse Gas Initiative (RGGI) auction due to a preliminary injunction issued in a separate matter where no bond was required. *See Ziadeh v. Pa. Legislative Reference Bureau*, No. 41 M.D. 2022, Order (Pa. Cmwlth. July 8, 2022). As a consequence, any harm to DEP did not arise "by reason of granting the injunction" in the present matter, as is necessary to give rise to the bond requirement under Rule of Civil Procedure 1531(b)(1). Because I did not previously elaborate on this latter point, I will do so now.

In its opinion in support of its prior order in this matter, the Commonwealth Court acknowledged that, in light of the *Ziadeh* litigation, DEP could not have participated in the September 2022 auction. Although this meant that, as a factual matter, DEP's opportunity costs were not "sustained by reason of granting the injunction," Pa.R.Civ.P. 1531(b)(1), the court justified its action on the basis that "each case stands on its own," and hence, it was required to "apply the applicable Rules of Civil and/or Appellate Procedure in each case." *Bowfin Keycon Holdings, LLC v. DEP*, No. 257 M.D. 2022, *slip op*. at 8 (Pa. Cmwlth. Aug. 25, 2022). The court thus concluded there was "no relevance" to the fact a preliminary injunction had been issued in the *Ziadeh* case. *Id*. In so holding, the court did not deny that, factually speaking, Rule 1531(b)(1)'s precondition was not met.

While it is certainly tempting to view each case in isolation, as the Commonwealth Court chose to do here, a legitimate question arises whether there is any basis in Rule 1531's text or in case precedent to support that approach.

This Court's rules are interpreted by reference to the Statutory Construction Act. *See In re Carney*, 79 A.2d 490, 505 (Pa. 2013). That enactment favors application according to the statutory text where its meaning is plain. *See* 1 Pa.C.S. § 1903(a); 1921(b); *see also Koken v. Reliance Ins. Co.*, 893 A.2d 70, 82 (Pa. 2006) (where statutory language is plain it cannot be overridden in pursuit of a contrary spirit or purpose). As applied presently, the question of whether the damages as asserted are "sustained by reason of granting the injunction" is a factual one, and I am skeptical of the Commonwealth Court's resort to a legal fiction – that "each case stands on its own" – to avoid ruling according to such facts. The court did not reference any interpretive principle, case precedent, or other authority to support reading such a directive into the Rule, and I am unaware of any. Perhaps the court's stance can be justified on the basis that the record before it related primarily to the instant matter and not the *Ziadeh* litigation. But the court surely could have taken judicial notice of the record and its own rulings in the parallel litigation before it. *See generally* Pa.R.E. 201 (relating to judicial notice of adjudicative facts).

It is also possible, although the court did not articulate this, that the court was concerned about the need for a substantial bond in the event the injunction in *Ziadeh* were to be dissolved or overturned on appeal – and indeed this is the basis on which DEP currently defends the court's action for purposes of this appeal. *See* Brief at 20. If that were to occur, however, the court could then have entertained a motion by DEP to modify the injunction so as to change the amount of the bond, and any refusal to modify the order would have been immediately appealable. *See* Pa.R.A.P. 311(a)(4).

For my part, I would favor application of Rule 1531's plain text unless and until this Court is convinced otherwise through developed advocacy and sound interpretive methodology. Such application would, in my view, have led the Commonwealth Court to

impose a nominal bond in this case. I therefore respectfully dissent from this Court's present decision to affirm the Commonwealth Court's order and to dismiss the related appeals as moot.

Justice Brobson joins this concurring and dissenting statement.